*Note changes made by the Court at Sections 1, 4, 9, 10, 11, 15, 16.*

1

**THE HAHN LEGAL GROUP**APC
ADRIENNE R. HAHN, SBN 136569
ahahn@hahnlegalgroup.com
ADAM C. ZAMOST, SBN 305655
speterson@hahnlegalgroup.com
2361 Rosecrans Avenue, Suite 373
El Segundo, California 90245
T:(310)706-3400/F:(310)706-3440

2

3

4

5

6

Attorneys for Defendant
TARGET CORPORATION

7

UNITED STATES DISTRICT COURT

8

9

CENTRAL DISTRICT OF CALIFORNIA

10

11

JESUS ELENA GARCIA

CASE NO: 8:20-cv-02410 JVS (KESx)

Plaintiff,

District Judge: James V. Selna
Magistrate Judge: Karen E. Scott

12

13

vs.

**ORDER RE STIPULATED PROTECTIVE ORDER**

14

TARGET CORPORATION, and
DOES 1 TO 10

15

Defendants.

[Discovery Document: Referred to Magistrate Judge Karen E. Scott]

16

17

18

TO: THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

19

20

        IT IS **HEREBY STIPULATED AND AGREED,** by the undersigned

21

attorneys for the respective parties, that with regard to material disclosed in the

22

course of the above-captioned lawsuit ("Lawsuit") which constitute or contain trade

23

secrets or other confidential research, development, or commercial information of

24

the parties ("Confidential Material"), the following procedures shall govern:

25

        1.      Discovery in this action is likely to involve production of confidential,

26

proprietary, or private information for which special protection from public

27

disclosure and from use for any purpose other than prosecuting this litigation may

28

be warranted. Accordingly, the parties hereby stipulate to and petition the Court to

1    enter the following Stipulated Protective Order. The parties acknowledge that this

2    Order does not confer blanket protections on all disclosures or responses to

3    discovery and that the protection it affords from public disclosure and use extends

4    only to the limited information or items that are entitled to confidential treatment

5    under the applicable legal principles. The parties further acknowledge that this

6    Stipulated Protective Order does not entitle them to file  confidential  information

7    under  seal;  Civil  Local  Rule  79-5  sets  forth  the  procedures  that  must  be

8    followed and the standards that will be applied when a party seeks permission from

9    the court to file material under seal.

10          2.     This action is likely to involve trade secrets, customer and pricing lists

11   and other valuable research, development, commercial, financial, technical and/or

12   proprietary information for which special protection from public disclosure and from

13   use for any purpose other than prosecution of this action is warranted. Such

14   confidential and proprietary materials and information consist of, among other

15   things, confidential business or financial information, information regarding

16   confidential business practices, or other confidential research, development, or

17   commercial information (including information implicating privacy rights of third

18   parties), information otherwise generally unavailable to the public, or which may be

19   privileged or otherwise protected from disclosure under state or federal statutes,

20   court rules, case decisions, or common law. Accordingly, to expedite the flow of

21   information, to facilitate the prompt resolution of disputes over confidentiality of

22   discovery materials, to adequately protect information the parties are entitled to keep

23   confidential, to ensure that the parties are permitted reasonable necessary uses of

24   such material in preparation for and in the conduct of trial, to address their handling

25   at the end of the litigation, and serve the ends of justice, a protective order for such

26   information is justified in this matter. It is the intent of the parties that information

27   will not be designated as confidential for tactical reasons and that nothing be so

28

**THE HAHN LEGAL GROUP**ᴬᴾᶜ
2361 Rosecrans Avenue, Suite 373
El Segundo, California 90245
Phone: (310) 706-3400 | Fax: (310) 706-3440

**2**

STIPULATED PROTECTIVE ORDER
Case No. 8:20-cv-02410 JVS (KESx)

1   designated without a good faith belief that it has been maintained in a confidential,

2   non-public manner, and there is good cause why it should not be part of the public

3   record of this case.

4   This Order is meant to encompass all forms of disclosure which may contain

5   Confidential Material, including any document, pleading, motion, exhibit,

6   declaration, affidavit, deposition transcript, inspection and all other tangible items

7   (electronic media, photographs, videocassettes, etc.).

8   2.   The parties may designate any Confidential Material produced or filed

9   in this Lawsuit as confidential and subject to the terms of this Order by marking such

10   materials "Confidential." If any material has multiple pages, this designation need

11   only be placed on the first page of such material. Any material designated as

12   "Confidential" shall not be disclosed to any person or entity, except to the parties,

13   counsel in this Lawsuit, and the Court.

14   3.   Any material designated as confidential pursuant to paragraph 2 above

15   shall be used solely for the purposes of this Lawsuit and for no other purpose.

16   4.   Prior to disclosure of any Confidential Material, each person to whom

17   disclosure is to be made shall execute a written "Confidentiality Agreement" (in the

18   form attached hereto) consenting to be bound by the terms of this Order. The

19   parties, counsel for the respective parties (including legal assistants and other

20   personnel) are deemed to be bound by this Order and are not required to

21   execute a Confidentiality Agreement.  The Court's duties are per applicable rules.

22   5.   Only counsel of record in this Lawsuit shall be permitted to disseminate

23   Confidential Material. Upon dissemination of any Confidential Material, each non-

24   designating counsel of record in this Lawsuit shall maintain a written record as to:

25   (1) the identity of any person given Confidential Material, and (2) the identity of the

26   Confidential Material so disseminated (such as by "Bates stamp" number). Such

27   record shall be made available to the designating party upon request.

28

THE HAHN LEGAL GROUP, APC
2361 Rosecrans Avenue, Suite 373
El Segundo, California 90245
Phone: (310) 706-3400 | Fax: (310) 706-3440

**3**

STIPULATED PROTECTIVE ORDER
Case No. 8:20-cv-02410 JVS (KESx)

3

**THE HAHN LEGAL GROUP** APC
2361 Rosecrans Avenue, Suite 373
El Segundo, California 90245
Phone: (310) 706-3400 | Fax: (310) 706-3440

6.      If additional persons become parties to this Lawsuit, they shall not have access to any Confidential Material until they execute and file with the Court their written agreement to be bound by the terms of this Order.

7.      In the event that any question is asked at a deposition that calls for the disclosure of Confidential Material, the witness shall answer such question (unless otherwise instructed not to do so on grounds of privilege) provided that the only persons in attendance at the deposition are persons who are qualified to receive such information pursuant this Order. Deposition testimony may be designated as confidential following the testimony having been given provided that: (1) such testimony is identified and designated on the record at the deposition, or (2) non-designating counsel is notified of the designation in writing within thirty days after receipt by the designating party of the respective deposition transcript. All deposition transcripts in their entirety shall be treated in the interim as "Confidential" pursuant to paragraph 2 above. When Confidential Material is incorporated in a deposition transcript, the party designating such information confidential shall make arrangements with the court reporter not to disclose any information except in accordance with the terms of this Oder.

8.      If a deponent refuses to execute a Confidentiality Agreement, disclosure of Confidential Material during the deposition shall not constitute a waiver of confidentiality. Under such circumstances, the witness shall sign the original deposition transcript in the presence of the court reporter and no copy of the transcript or exhibits shall be given to the deponent.

9.      With respect to any communications to the Court, including any pleadings, motions or other papers, all documents containing Confidential Material shall be accompanied by an application, pursuant to Local Rule 79-5.1, to file the papers – or the confidential portion thereof – under seal.

**4**

STIPULATED PROTECTIVE ORDER
Case No. 8:20-cv-02410 JVS (KESx)

**THE HAHN LEGAL GROUP** APC
2361 Rosecrans Avenue, Suite 373
El Segundo, California 90245
Phone: (310) 706-3400 | Fax: (310) 706-3440

1    10.    If a non-designating party is subpoenaed or ordered to produce

2  Confidential Material by another court or administrative agency, such party shall

3  promptly notify the designating party of the pending subpoena or order and shall

4  not produce any Confidential Material until the designating party has had

5  reasonable time to object or otherwise take appropriate steps to protect such

6  Confidential Material.   Nothing in this Order excuses compliance with another

7  Court's orders.

8    11.    If a party believes that any Confidential Material does not contain

9  confidential information, it may contest the applicability of this Order to such

10  information by notifying the designating party's counsel in writing and identifying

11  the information contested. The parties shall have thirty days after such notice to meet

12  and confer and attempt to resolve the issue. If the dispute is not resolved within

13  such period, the party seeking the protection shall have thirty days in which to

14  make a motion for a protective order with respect to contested information.

15  Information that is subject to a dispute as to whether it is properly designated

16  shall be treated as designated in accordance with the provisions of this Order until

17  the Court issues a ruling.   Discovery motions must comply with Local Rule 37-1 or

18  Judge Scott's procedures for letter briefs.

19    12.    Inadvertent failure to designate any material "Confidential" or shall

20  not constitute a waiver of an otherwise valid claim of confidentiality pursuant to

21  this Order, so long as a claim of confidentiality is asserted within fifteen days

22  after discovery of the inadvertent failure. At such time, arrangements shall be

23  made by the parties to designate the material "Confidential" in accordance with this

24  Order.

25    13.    This Order shall be without prejudice to the right of any party to oppose

26  production of any information or object to its admissibility into evidence.

27

28

**5**

STIPULATED PROTECTIVE ORDER
Case No. 8:20-cv-02410 JVS (KESx)

**THE HAHN LEGAL GROUP** APC
2361 Rosecrans Avenue, Suite 373
El Segundo, California 90245
Phone: (310) 706-3400 | Fax: (310) 706-3440

14.     When any counsel of record in this Lawsuit or any attorney who has executed a Confidentiality Agreement becomes aware of any violation of this Order, or of facts constituting good cause to believe that a violation of this Order may have occurred, such attorney shall report that there may have been a violation of this Order to the Court and all counsel of record.

15.     Within thirty days after the termination of this Lawsuit (whether by dismissal or final judgment), all Confidential Material (including all copies) shall be returned to counsel for the designating party. In addition, counsel returning such material shall execute an affidavit verifying that all Confidential Material produced to such counsel and any subsequently made copies are being returned in their entirety pursuant to the terms of this order. Such a representation fully contemplates that returning counsel has: (1) contacted all persons to whom that counsel disseminated Confidential Material, and (2) confirmed that all such material has been returned to disseminating counsel.  This paragraph does not apply to the Court.

16.     After the termination of this Lawsuit, the provisions of this Order shall continue to be binding.

[*Signatures and Order Follow*]


/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**6**

**IT IS SO STIPULATED:**

Dated: January 29, 2021

**DIAL & ASSOCIATES PC**

By: _____
STEPHEN F. DIAL,
Attorneys for Plaintiff JESUS ELENA
GARCIA

February 1, 2021
Dated: January _ , 2021

**THE HAHN LEGAL GROUP**APC

By: _____
ADRIENNE R. HAHN,
Attorneys for Defendant, TARGET
CORPORATION

**IT IS ORDERED:**

Dated:   February 2, 2021

By:   _____
Hon. Karen E. Scott
FEDERAL MAGISTRATE JUDGE

THE HAHN LEGAL GROUP APC
2361 Rosecrans Avenue, Suite 373
El Segundo, California 90245
Phone: (310) 706-3400 | Fax: (310) 706-3440

7

STIPULATED PROTECTIVE ORDER
Case No. 8:20-cv-02410 JVS (KESx)

# Confidentiality Agreement



**BEING DULY SWORN, I hereby attest to the following:**

It is my understanding that confidential information will be provided to me pursuant to the terms and restrictions of the Protective Order entered in *Jesus Elena Garcia v. Target Corporation*, by the Central District Federal Court of Calfiornia Southern Division, ("Court").

1.      I have been given a copy of and have read the Protective Order and have had its meaning and effect explained to me by the attorneys providing me with such confidential information, and that I hereby agree to be bound by it.

2.      I further agree that I shall not disclose such confidential information to others, except in accordance with the Protective Order,

3.      It is my understanding that if I fail to abide by the terms of the Protective Order then I may be subject to sanctions imposed by the Court for such a failure.

4.      I hereby consent to the jurisdiction of the Court for purposes of enforcing the Protective Order.


Dated:          _____


Signature:      _____


Printed Name: _____